ELECTRONICALLY FILED
5/7/2019 1:53 PM
55-CV-2019-900096.00
CIRCUIT COURT OF
PIKE COUNTY, ALABAMA
JAMIE NEELEY SCARBROUGH, CLERK

IN THE CIRCUIT COURT OF PIKE COUNTY, ALABAMA

| | |
|---|---|
| ADAM WADE ROBINSON, an individual, | ) ) ) |
| Plaintiff, | ) Case No.: _____ ) ) *Jury Trial Demanded* |
| v. | ) ) |
| MCLANE FOODSERVICE, INC., a corporation; DARIUS ANTWON LATTIMORE, an individual, ROBERTO M. CASTILLO, an individual, and Defendant Nos. 1, 2 and 3, being the correct legal designation of the named Defendants; Defendant Nos. 4 through 10, being the correct legal designation of that or those persons or entities whose negligence or wantonness caused or contributed to cause the injuries and damages as are set forth herein; Defendant Nos. 11 through 15, whether singular or plural, that entity or those entities who or which afforded any insurance coverage to any driver or owner of the vehicles involved in the occurrence made the basis of this suit; Defendant Nos. 16 through 20, whether singular or plural, that entity or those entities who or which issued any policy of insurance which provided coverage for Plaintiff's injuries received on the occasion made the basis of this suit; Defendant Nos. 21 through 25, being the correct legal designation of the owner of the vehicles being driven by Darius Antwon Lattimore and Roberto M. Castillo at the time of the occurrences made the basis of this suit; Defendant Nos. 26 through 30, being the correct legal designation of those persons, firms, or entities who were the principal | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

|  |  |
|---|---|
| , master or employer of Darius Antwon Lattimore at the time of the incident made the basis of this suit; Defendant Nos. 31 through 35, being the correct legal designation of that or those persons, firms or entities who were or are the successors and/or predecessors in interest to any named Defendant; all of whose true and correct legal identities are unknown at this time but will be added by amendment when ascertained, | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW the Plaintiff in the above-styled cause of action, by and through his undersigned counsel of record, and shows unto the Court the following:

### PARTIES, JURISDICTION and VENUE

1. Plaintiff Adam Wade Robinson is an individual over the age of nineteen (19) and is a resident and citizen of the State of Alabama.

2. Defendant McLane Foodservice, Inc., (hereinafter "McLane") upon information and belief, is a Texas corporation, registered to do business and doing business in the State of Alabama, for profit.

3. Defendant Darius Antwon Lattimore (hereinafter "Lattimore") is an individual over the age of nineteen (19) and is a resident and citizen of the State of Georgia.

4. Defendant Roberto M. Castillo (hereinafter "Castillo") is an individual over the age of nineteen (19) and is a resident and citizen of the State of Alabama.

5. At all times herein, Defendant Lattimore and/or Defendant Nos. 1 through 35, was an employee, agent, servant, and/or representative of Defendant McLane. Further, said Defendant

Lattimore, and/or Defendant Nos. 1 through 35, was acting within the line and scope of his employment with Defendant McLane and/or in accordance with the authority granted to him by Defendant McLane. Additionally, and/or alternatively, Defendant Lattimore, and/or Defendant Nos. 1 through 35, was acting in his individual capacity. Accordingly, Plaintiff alleges and maintains the doctrines of *respondeat superior*, principal-agent and/or master-servant as to Defendant McLane and/or said claims are alleged against said Defendants individually.

6. Fictitious Defendants are identified as follows: Defendant Nos. 1, 2 and 3, being the correct legal designation of the named Defendants; Defendants Nos. 4 through 10, being the correct legal designation of that or those persons or entities whose negligence and/or wantonness caused or contributed to cause the injuries and damages as are set forth herein; Defendant Nos. 11 through 15, whether singular or plural, that entity or those entities who or which afforded any insurance coverage to either the driver or the owner of the vehicles involved in the occurrence made the basis of this lawsuit; Defendant Nos. 16 through 20, whether singular or plural, that entity or those entities who or which issued any policy of insurance which provided coverage for Plaintiff's injuries received on the occasion made the basis of this lawsuit including, but not limited to, uninsured/underinsured motorist coverage; Defendant Nos. 21 through 25, being the correct legal designation of the owner of the vehicles being driven by Darius Anton Lattimore and Roberto M. Castillo at the time of the incident made the basis of this suit; Defendant Nos. 26 through 30, being the correct legal designation of those persons, firms or entities who were the principal, master and/or employer of Defendant Darius Antwon Lattimore at the time of the incident made the basis of this litigation; Defendant Nos. 31 through 35, being the correct legal designation of that or those persons, firms or entities who were or are the successors and/or predecessors in

interest to any named Defendant; all of whose true and correct legal identities are unknown at this time but will be added by amendment when ascertained.

7. Venue is proper in this Court, as the injuries sustained by the Plaintiff occurred in Pike County, Alabama.

## STATEMENT OF FACTS

8. This cause of action arises out of two separate motor vehicle wrecks. On or about June 19, 2017, Defendant Castillo, and/or Defendant Nos. 1 through 35, was operating his vehicle northbound on US-231 in Pike County, Alabama. At said time and place, Defendant Castillo, and/or Defendant Nos. 1 through 35, negligently and/or wantonly caused and/or allowed his vehicle to cross US-231 into oncoming traffic and cause a head-on collision with another vehicle. According to the Alabama Uniform Traffic Crash Report, Mr. Castillo had a blood alcohol content of .225.

9. Following the Castillo wreck, the Plaintiff was dispatched to the scene to perform his duties as an Alabama State Trooper. While in route to the scene, Defendant Lattimore, and/or Defendant Nos. 1 through 35, was operating a tractor-trailer unit on US-231 within the line and scope of his employment with and/or on behalf of Defendant McLane, and/or Defendant Nos. 1 through 35. At said time and place, and while acting individually and/or within the line and scope of his employment with Defendant McLane, and/or Defendant Nos. 1 through 35, Defendant Lattimore, and/or Defendant Nos. 1 through 35, did negligently and/or wantonly operate his tractor-trailer in a manner which caused and/or allowed said tractor-trailer to collide with the vehicle being operated by the Plaintiff, causing the Plaintiff severe injuries.

10. Defendant Castillo, and/or Defendant Nos. 1 through 35, acted negligently and/or wantonly when he crossed the center line of US-231 and caused the initial wreck made the basis

of this litigation. Said negligence and/or wantonness placed not only himself, but also the driver of the vehicle with which he collided, in imminent peril.

11. Further, at said time and place, and while acting individually and/or within the line and scope of his employment with Defendant McLane, and/or Defendant Nos. 1 through 35, Defendant Lattimore, and/or Defendant Nos. 1 through 35, did negligently and/or wantonly operate said tractor-trailer in a manner which caused and/or allowed said tractor-trailer to collide with the vehicle being operated by Plaintiff Robinson, causing him to sustain severe injuries.

12. Defendant Lattimore, and/or Defendant Nos. 1 through 35, had a duty to operate the tractor-trailer unit he was driving in a reasonably safe manner, so as not to cause or allow harm to come to other motorists on the roadway, including but not limited to the Plaintiff. Defendant Lattimore, and/or Defendant Nos. 1 through 35, breached said duty and proximately caused the Plaintiff to sustain injuries and damages as set forth herein.

13. Plaintiff further avers that prior to the date of the wreck made the basis of this litigation, Defendant McLane, and/or Defendant Nos. 1 through 35, did negligently and/or wantonly hire, train or fail to train, supervise or fail to supervise, monitor or fail to monitor, and/or retain Defendant Lattimore, and/or Defendant Nos. 1 through 35. As a proximate result of Defendant McLane's negligent and/or wanton conduct, Plaintiff Robinson has sustained injuries and damages as set forth herein.

## COUNT ONE

14. Plaintiff adopts and realleges paragraphs 1 through 13 of this Complaint as if fully set out herein.

15. Plaintiff avers that the above-described conduct on the part of Defendant Lattimore, and/or Defendant Nos. 1 through 35, constitutes negligence and/or wantonness. Additionally,

and/or alternatively, the Plaintiff avers that the Defendant McLane, and/or Defendant Nos. 1 through 35, is responsible, in whole and/or in part, for the negligent and/or wanton conduct on the part of Defendant Lattimore, and/or Defendant Nos. 1 through 35, as is set forth herein.

16. Said negligent and/or wanton conduct proximately caused or contributed to cause the injuries and damages sustained by the Plaintiff, which include but are not limited to:

   a. Physical injury;
   b. Pain and suffering;
   c. Mental anguish;
   d. Medical expenses;
   e. Permanent injury; and
   f. All other damages for which Plaintiff is entitled under Alabama law for the negligent and/or wanton conduct of Defendant McLane and/or Defendant Lattimore, and/or Defendant Nos. 1 through 35.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants, separately and severally, in sums of compensatory and punitive damages as a jury may assess after a fair and accurate consideration of the facts of this case.

## COUNT TWO

17. Plaintiff adopts and realleges paragraphs 1 through 16 of this Complaint as if fully set out herein.

18. Plaintiff avers that Defendant McLane, and/or Defendant Nos. 1 through 35, did negligently and/or wantonly fail to train, supervise and/or monitor the Defendant Lattimore, and/or Defendant Nos. 1 through 35, with regard to the manner and method in which said Defendant Lattimore, and/or Defendant Nos. 1 through 35, did perform work and/or services on behalf of

Defendant McLane, and/or Defendant Nos. 1 through 35. Defendant McLane, and/or Defendant Nos. 1 through 35, had a duty to properly train, supervise and/or monitor Defendant Lattimore, and/or Defendant Nos. 1 through 35, who negligently and/or wantonly caused, permitted, or allowed the tractor-trailer he was operating to strike the vehicle being operated by Plaintiff Robinson. Additionally, and/or alternatively, Defendant McLane, and/or Defendant Nos. 1 through 35, did negligently and/or wantonly entrust to Defendant Lattimore, and/or Defendant Nos. 1 through 35, with the tractor-trailer unit he was operating at the time of the incident made the basis of this litigation.

19. Said negligent and/or wanton conduct proximately caused and/or contributed to cause the injuries and damages sustained by the Plaintiff as set forth herein.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands judgment against the Defendants, separately and severally, in sums of compensatory and punitive damages as a jury may assess after a fair and accurate consideration of the facts of this case.

## COUNT THREE

20. Plaintiff adopts and realleges paragraphs 1 through 19 of this Complaint as if fully set out herein.

21. Plaintiff avers that Defendant McLane, and/or Defendant Nos. 1 through 35, negligently and/or wantonly hired, trained, supervised and retained Defendant Lattimore, and/or Defendant Nos. 1 through 35, who negligently and/or wantonly caused, permitted, or allowed the tractor-trailer unit he was operating to collide with the vehicle being driven by Plaintiff Robinson at the time of the subject wreck. Defendant McLane, and/or Defendant Nos. 1 through 35, had a duty to properly hire, train, supervise and retain its employees, including Defendant Lattimore, and/or Defendant Nos. 1 through 35, as any other reasonable company would do. Said Defendant

McLane, and/or Defendant Nos. 1 through 35, breached said duty, and as a proximate result of said conduct, Plaintiff Robinson sustained injuries and damages as set forth herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants, separately and severally, in such sums of compensatory and punitive damages as a jury may assess after a fair and accurate consideration of the facts of this case.

## COUNT FOUR

22. Plaintiff adopts and re-alleges paragraphs 1 through 21 of this Complaint as if fully set out herein.

23. Plaintiff avers that eh above-described conduct on the part of Defendant Castillo, and/or Defendant Nos. 1 through 35, constitutes negligence and/or wantonness. Said negligence and/or wantonness proximately caused and/or contributed to cause the injuries and damages sustained by the Plaintiff as set forth herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants, separately and severally, in such sums of compensatory and punitive damages as a jury may assess after a fair and accurate consideration of the facts of this case.

## JURY DEMAND

Plaintiff hereby requests a trial by struck jury to hear all issues presented within this Complaint.

Respectfully submitted,

/s/ David M. Cowan
David M. Cowan (COW-022)
Wyatt P. Montgomery (MON-077)
*Attorneys for Plaintiff*
Law Offices of David M. Cowan, LLC
2020 Canyon Road, Suite 150
Vestavia Hills, AL 35216
Telephone – (205) 460-1212
wyatt@dmcowanlaw.com

**PLEASE SERVE THE DEFENDANTS VIA U.S. CERTIFIED MAIL AS FOLLOWS**:

McLane Foodservice, Inc.
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

Darius Antwon Lattimore
[REDACTED]
Macon, Georgia 31217

Roberto M. Castillo
[REDACTED]
Troy, Alabama 36081

/s/ David M. Cowan
OF COUNSEL