# IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
# MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

ADAM WADE ROBINSON, )
an individual, )
                                  )
    Plaintiff, )
                                  )    CIVIL ACTION NO.
    v. )     2:19cv385-MHT
                                  )         (WO)
McLANE FOODSERVICE, INC., )
a corporation, et al., )
                                  )
    Defendants. )

## OPINION AND ORDER

This lawsuit, which was removed from state to federal court based on diversity-of-citizenship jurisdiction, 28 U.S.C. §§ 1332, 1441, is now before the court on plaintiff's motion to remand. The court agrees with plaintiff that the case should be remanded.

In the notice of removal, defendant McLane Foodservice, Inc. argued that plaintiff fraudulently joined defendant K. Nickie Bateman--an Alabama resident and the administrator ad litem for the estate of

Roberto M. Castillo--in order to defeat diversity.*
Courts have recognized three types of fraudulent joinder. "The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant. ... The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (citations omitted). The third is "where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse

---

* The court notes that, contrary to defendant McLane Foodservice, Inc.'s assumption, defendant Bateman's Alabama residence does not determine her citizenship. "The legal representative of the estate of a decedent shall be deemed to be a citizen only of the same state as the decedent ...." 28 U.S.C. § 1332(c)(2). According to plaintiff's complaint, decedent Roberto M. Castillo was a citizen of the State of Alabama. Complaint (doc. no. 1-1) at 2. Therefore, on this basis, the court finds that Bateman is a citizen of Alabama.

2

defendant has no real connection to the claim against the nondiverse defendant." *Id*. (citation omitted).

The court finds that there has been neither *fraudulent joinder*, *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983); nor *fraudulent misjoinder*, *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996). There is a possibility that plaintiff can prove a cause of action against Bateman, there is no indication of fraud in the pleading of jurisdictional facts, and the claim against the diverse defendants has a real connection to the claim against Bateman.

***

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiff's motion to remand (doc. no. 14) is granted and that, pursuant to 28 U.S.C. § 1447(c), this cause is remanded to the Circuit Court of Pike County, Alabama.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

This case is closed in this court.

DONE, this the 10th day of October, 2019.

　　　　　　　　　　　　　　　/s/ Myron H. Thompson
　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE